IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS, JEREMIAH YOUNG
LUIS RAMIREZ, HAKIM NASEER
and SYLVESTER PRYOR,

                                       ORDER

                 Plaintiffs,

                                     09-cv-245-bbc

     v.

RICK RAEMISCH, G. GRAMS,
J. NICKLES, COII RICKY,
CAPT. ASHWORTH, COII NEUMIER,
LT. BOODRY, M. MARSHALL, LT. KELLER,
ALSUM, CAPT. SALTERS, CAPT. RADKE, LIPINSKI,
COII WALKER, SGT. VILWOCK, SGT. MORRISON,
CAPT. JOHNSON, CAPT. TRATTLES, LT. LIND,
SGT. JAKUSZ, BRETT SUTTON, M. LEISER,
and JOHN DOES 1-5,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group action brought by the plaintiffs named in the caption of the complaint, each of whom is an inmate at the Columbia Correctional Institution, with the exception of plaintiff Hakim Naseer, who is an inmate at the Wisconsin Secure Program Facility. However, it is unclear which plaintiffs truly wish to be involved with this action. Only plaintiff Nathan Gillis has signed the complaint. Plaintiffs Giovanni Harris and

1

Sylvester Pryor have filed correspondence indicating that they give permission for their claims to be included in the lawsuit. Plaintiff Naseer filed an affidavit discussing his claims in this action. Plaintiff Luis Ramirez filed a motion for leave to proceed in forma pauperis, but filed a letter the following week asking to be dismissed from this case because he wishes to pursue an independent lawsuit. Plaintiff Jeremiah Young has not filed any documents in this case. In addition, plaintiffs have filed a motion for a preliminary injunction against defendants ordering them "not to talk about the case [or] issues related to this case to any of the plaintiffs." Only plaintiff Gillis signed this motion.

Perhaps plaintiffs believe that because the complaint includes a request for class action certification, I will appoint a lawyer to represent them and eliminate the problems discussed above. If they believe this, they are incorrect. A review of the complaint reveals that even if it was signed properly by each plaintiff, it does not pass muster under Fed. R. Civ. P. 8. Plaintiffs' allegations are too vague to give fair notice to defendants. For instance, the complaint begins, "We are alleging that all of the defendants named in this action have violated our Constitutional Rights . . . [b]y using Conduct Reports to retaliate against us, and punish us with unconstitutional living condition[s] in DS1-unit; by denying us clothing; shoes, access to attorneys communications; [and] adding days to our punishment without due process . . . ." These and the rest of the allegations in the complaint are conclusory blanket assertions of what happened to the plaintiffs as a whole rather than an explanation

2

of specific incidents involving particular plaintiffs. Moreover, none of plaintiffs' allegations refer to a particular defendant who participated in each incident. Plaintiffs have attached numerous inmate grievance documents to the complaint and other correspondence that contain some details regarding their claims, but these documents must be disregarded because including them as part of the complaint would violate Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It would be almost impossible for defendants to answer the complaint. Without a viable complaint, I will not consider whether the case is one for which a lawyer should be appointed and a class certified.

If plaintiffs believe that their constitutional rights are being violated, they will have to submit an amended complaint in which they specify what happened and when, who it happened to, and who did it, all in short and plain statements in the body of the complaint itself. This amended complaint must be read by each plaintiff listed in the caption of the complaint and <u>signed by each plaintiff individually</u>.

In addition, it is this court's obligation to caution each plaintiff about the consequences of proceeding in a group complaint and allow them an opportunity to opt out. In <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit observed that there are a number of reasons a prisoner might not want to join in a group complaint filed in federal court. First, although plaintiffs have joined their claims in

one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. Boriboune, 381 F.3d at 856. Only plaintiff Gillis has submitted the $350 filing fee. Before the court will screen any amended complaint plaintiff might submit, each plaintiff will have to pay either a full filing fee if he does not qualify to proceed in forma pauperis, or an initial partial payment of the fee calculated from a trust fund account statement for the six-month period immediately preceding the filing of the complaint, pursuant to 28 U.S.C. § 1915(a). If an inmate qualifies to prepay only a portion of the filing fee, he will thereafter be responsible for paying the remainder of the fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

Second, if plaintiffs file an amended complaint and, if I determine when I screen it that any claim in the action is frivolous, malicious or fails to state a claim upon which relief may be granted, I will record a strike under 28 U.S.C. § 1915(g) against each plaintiff in the action. According to the court of appeals, when a prisoner in a group complaint signs the pleading, he attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Therefore, he assumes the risk of incurring a strike if any one claim relating to him or any other plaintiff warrants a strike under § 1915(g).

Because each plaintiff did not sign the complaint and may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. If, after considering whether to continue with this lawsuit jointly,

plaintiffs agree to proceed, they will have to file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8, that is signed by each of them, and that is accompanied by the necessary trust fund account statements. Because plaintiff Ramirez has filed a letter asking to be dismissed from the case, I will dismiss him from the case and remove him from the caption.

As for plaintiffs' motion for a preliminary injunction, that motion will be denied because it is not signed by each plaintiff and because it does not conform to the court's procedures for obtaining injunctive relief, which require that the moving party submit proposed findings of fact as well as any evidence supporting the request for relief. A copy of those procedures is attached to this order. Plaintiffs may renew their request for injunctive relief if they choose to continue with this lawsuit.

ORDER

IT IS ORDERED that:

1. The complaint submitted in this action, dkt. #1, is DISMISSED because it has not been signed by each of the individual plaintiffs and because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiffs may have until July 7, 2009, in which to submit a proposed amended complaint describing clearly and concisely what each defendant did to each plaintiff to

violate his constitutional rights. The proposed amended complaint must be signed by each plaintiff who wishes to continue to prosecute the action and, with the exception of plaintiff Gillis, must be accompanied either by the $350 filing fee, or a trust fund account statement for the six-month period prior to the filing of the complaint.

3. Any plaintiff who fails to respond to this order by July 7, 2009, or who advises the court that he does not want to remain a party to the complaint, will be considered to have opted out of the joint lawsuit. He will be dismissed from the lawsuit and will not be charged a filing fee, with the exception of plaintiff Gillis, who has already paid the filing fee.

4. If, by July 7, 2009, plaintiffs do not file a proposed amended complaint that complies with Rule 8 and is signed in compliance with Rule 11, this case will be dismissed in its entirety.

5. Plaintiff Luis Ramirez is DISMISSED from this case; he will not be charged a filing fee.

6. Plaintiffs' motion for preliminary injunctive relief, dkt. #9, is DENIED.

Entered this 16th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge