IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS, JEREMIAH YOUNG,
HAKIM NASEER and SYLVESTER PRYOR,

                                                                       ORDER

            Plaintiffs,

                                                      09-cv-245-bbc

     v.

RICK RAEMISCH, G. GRAMS,
J. NICKLES, COII RICKY,
CAPT. ASHWORTH, COII NEUMIER,
LT. BOODRY, M. MARSHALL, LT. KELLER,
ALSUM, CAPT. SALTERS, CAPT. RADKE, LIPINSKI,
COII WALKER, SGT. VILWOCK, SGT. MORRISON,
CAPT. JOHNSON, CAPT. TRATTLES, LT. LIND,
SGT. JAKUSZ, BRETT SUTTON, M. LEISER,
and JOHN DOES 1-5,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Originally, this case was a group action with five named plaintiffs, but it was unclear which plaintiffs truly wished to be involved with this action. Only plaintiff Nathan Gillis signed the complaint, while other plaintiffs filed correspondence indicating that they gave permission for their claims to be included in the lawsuit. One plaintiff, Luis Ramirez, filed a letter the following week asking to be dismissed from this case because he wishes to pursue

1

an independent lawsuit. Further complicating matters was the fact that the complaint violated Fed. R. Civ. P. 8 because the allegations contained therein were too vague to give fair notice to defendants. In a June 16, 2009 order, I dismissed Ramirez from the case, cautioned the remaining plaintiffs about the consequences of proceeding in a group complaint and gave them an opportunity to either amend the complaint to comply with Rule 8 and individually sign the amended complaint, or opt out of the lawsuit. I stated further that any plaintiff who failed to respond by July 7, 2009 would be considered to have opted out of the lawsuit.

Now plaintiff Gillis has filed a motion for reconsideration of the June 16, 2009 order in which he continues to seek inclusion of the other plaintiffs in the case. Also, he has filed an amended complaint in which he is the sole plaintiff in the event his motion for reconsideration is denied. None of the other plaintiffs have signed these documents or filed any other submissions. I will deny the motion for reconsideration, dismiss Gillis's amended complaint because it violates Rule 8, and dismiss the other plaintiffs from the case.

In his motion for reconsideration, plaintiff Gillis argues that his fellow plaintiffs suffer from severe mental illnesses and that he is the most learned plaintiff of the group. He states it was "impossible" to get all of the plaintiffs to sign an amended complaint within the time specified by the court. He requests the court to order the Wisconsin Department of Corrections to submit to the court plaintiffs' mental health records so that "this court can

2

determine the level of help that is need[ed] for the understanding of the mentally ill prisoners/plaintiffs." He also asks that the court set up a status conference in order to explain to the plaintiffs how to proceed with the case and provide further guidance on what is required by Rule 8.

Plaintiff Gillis's motion for reconsideration provides no explanation for why plaintiffs could not individually sign an amended group complaint, or for that matter, why plaintiffs could not sign the motion. I note further that none of the other plaintiffs have responded to the June 16, 2009 order in any fashion. It appears from the filings in this case that Gillis wishes to shepherd the other plaintiffs through this litigation, but he is not an attorney capable of representing others. As for Gillis's requests for mental health records and a status conference, there is no need for such measures at this point in the proceedings. All that was required of plaintiffs was that they file an amended complaint signed by each plaintiff, and they have failed to do so. Therefore, I will deny plaintiff Gillis's motion for reconsideration. Because plaintiffs Young, Naseer and Pryor have not responded to the June 16, 2009 order indicating they wish to continue with the lawsuit, I will dismiss them from the case, and they will not owe filing fees.

In the alternative, plaintiff Gillis asks that the court consider his amended complaint in which he is the sole plaintiff. In his complaint, he attempts to bring claims against numerous defendants for retaliating against him for reporting the abuse of other prisoners

as well as claims regarding the conditions of his confinement. Although the amended complaint is easier to follow than the original complaint, it continues to violate Rule 8 by containing vague allegations that fail to give fair notice to defendants. In several places, the complaint lists the names of several defendants who retaliated against him but it does not explain what each of the defendants actually did to retaliate. Perhaps plaintiff Gillis believes his complaint does not have to provide more detail because he requests that "all previous documents submitted to this court [which are inmate grievance documents and other correspondence] . . . be attached to this complaint, with the exception of the original complaint." As I stated in the June 16, 2009 order, these documents must be disregarded because including them as part of the complaint would violate Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," making it almost impossible for defendants to answer the complaint.

     I will give plaintiff Gillis another chance to amend the complaint in order to comply with Rule 8. In his second amended complaint he should flesh out his retaliation claims by explaining what each defendant has done to retaliate against him rather than conclusorily stating that a large group of defendants retaliated against him. Also, because it appears that plaintiff Gillis attempts to bring claims against several prison staff members not named as defendants, he should insure that he lists as defendants in his second amended complaint all staff members he wishes to sue. Finally, plaintiff Gillis should be aware that under Fed.

4

R. Civ. P. 20, claims against different defendants cannot be joined unless they arise out of the same transaction or series of transactions and share a common question of law or fact. Once he sets out his claims more clearly, it may be necessary to break them into separate lawsuits if they do not comply with Rule 20. I will give plaintiff Gillis until September 24, 2009 to submit an amended complaint. If he fails to file a proposed amended complaint by September 24, 2009, this case will be closed.

ORDER

IT IS ORDERED that:

1. Plaintiff Nathan Gillis's motion for reconsideration of the court's June 16, 2009 order is DENIED. Plaintiffs Jeremiah Young, Hakim Naseer and Sylvester Pryor are DISMISSED from the case.

2. The amended complaint submitted in this action, dkt. #12, is DISMISSED because it violates Fed. R. Civ. P. 8.

3. Plaintiff Gillis may have until September 24, 2009, in which to submit a second amended complaint describing clearly and concisely what each defendant did to each plaintiff to violate his constitutional rights. If, by September 24, 2009, plaintiff Gillis does

not file a proposed amended complaint that complies with Rule 8, the case will be closed.

Entered this 2d day of September, 2009.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge