IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

          Plaintiff,

v.

RICK RAEMISCH, G. GRAMS,
CAPT. ASHWORTH, SGT. MORRISON,
LT. LIND, and JOHN DOES 1-5,

          Defendants.

ORDER

09-cv-245-bbc

---

    Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution, is proceeding on claims that (1) defendant Capt. Ashworth violated his right to due process by filing a false conduct report against him; (2) defendants G. Grams and Rick Raemisch violated his right to due process by ignoring his complaints; (3) defendant Lt. Lind violated his right to due process by holding an unfair disciplinary hearing; (4) defendants Grams and Sgt. Morrison subjected him to inhumane conditions of confinement in the DS-1 unit in violation of the Eighth Amendment; and (5) John Doe defendants destroyed plaintiff's religious items in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act.

    On June 3, 2010, the court granted plaintiff's motion to have his inspector's report filed with the court at the same time as it is provided to the defendant and ordered that the report be filed under seal. The court also accepted defendant's proposed protective order relating to the inspection (Exh. B to dkt. 75); to the extent it was consistent with its June 3 order.

    Now before the court are plaintiff's motions for reconsideration and clarification of the June 3 order ( dkt. 92) and for permission to pursue interlocutory appeal (dkt. 91). Plaintiff objects to defendants receiving a copy of the inspector;'s report prior to trial. However, defendants are entitled to receive a copy of this report pursuant to Fed. R. Civ. Pro. 26(a)(2),

as implemented in the court's preliminary pretrial conference order (requiring that plaintiff must disclose his expert witnesses to defendants no later than September 24, 2010).

In his motion plaintiff wants the rules regarding what the inspector can inspect set forth in writing before the inspector arrives at the institution. The protective order sufficiently sets forth the parameters of the inspection. The court notes that the legitimate security needs of the institution must be taken into account during the inspection. Therefore, plaintiff's motion for reconsideration will be denied.

Given this outcome, plaintiff seeks permission to pursue an interlocutory appeal from the June 3 order. His request will be denied. Although some interlocutory decisions are appealable pursuant to 28 U.S.C.§ 1292, pretrial discovery orders are not. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981).

Plaintiffs right to appeal these rulings is set forth in 28 U.S.C. § 636(b)(1), which requires plaintiff to show persuade the district judge that these orders are "clearly erroneous or contrary to law."

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration and clarification, dkt. 92, is DENIED.

2. Plaintiff's request for leave to file an interlocutory appeal, dkt. 93 is DENIED.

Entered this 8th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2