IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

           Plaintiff,

v.

RICK RAEMISCH, G. GRAMS,
CAPT. ASHWORTH, SGT. MORRISON,
LT. LIND, and JOHN DOES 1-5,

           Defendants.

ORDER

09-cv-245-bbc

---

Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution, is proceeding on claims that (1) defendant Capt. Ashworth violated his right to due process by filing a false conduct report against him; (2) defendants G. Grams and Rick Raemisch violated his right to due process by ignoring his complaints; (3) defendant Lt. Lind violated his right to due process by holding an unfair disciplinary hearing; (4) defendants Grams and Sgt. Morrison subjected him to inhumane conditions of confinement in the DS-1 unit in violation of the Eighth Amendment; and (5) John Doe defendants destroyed plaintiff's religious items in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act. On June 11, 2010, the court denied plaintiff's motion to compel discovery responses.

Now before the court are plaintiff's motions for reconsideration and clarification of the June 11 order ( dkt. 106) and for permission to pursue an interlocutory appeal (dkt. 107). These motions suggest plaintiff is not reading this court's orders. The court told plaintiff in its June 8, 2010 order that, although some interlocutory decisions are appealable pursuant to 28 U.S.C.§ 1292, pretrial discovery orders are not. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981). Further, the court told him that his right to appeal these rulings is set

forth in 28 U.S.C. § 636(b)(1), which requires plaintiff to show persuade the district judge that these orders are "clearly erroneous or contrary to law." As before, plaintiff's motion for permission to pursue an interlocutory appeal will be denied.

In addition, in his motion for reconsideration and clarification, plaintiff has not submitted any documentation for his motion to compel which the court found in its June 8 order to be lacking from his original motion to compel. Therefore, plaintiff's motion for reconsideration and clarification will be denied.

If plaintiff files similar motions in the future, namely motions that are merely announcements or headlines with no factual or legal support, the court will summarily deny them.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration and clarification, dkt. 106, is DENIED.

2. Plaintiff's request for leave to file an interlocutory appeal, dkt. 107 is DENIED.

Entered this 21st day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge