IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

   Plaintiff,           ORDER

 v.

                    09-cv-245-bbc

RICK RAEMISCH, *et al.*

   Defendants.

---

  Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution, is proceeding on various claims of due process, First and Eighth Amendment and RLUIPA violations. Now before the court are plaintiff's motions to prevent defendants' attorney from disclosing personal information, dkt. 130, for clarification, dkt. 131, and to compel responses to discovery. Dkt. 132. Defendants have responded to these motions.

  First, plaintiff objects to defendants' attorney's letter to plaintiff's named expert Dan Schilling, advising him that the reason he had not received his fee was that plaintiff had not requested that the funds be released from his account. Because plaintiff had complained that the Department of Corrections had failed to send Schilling a check, defendants' attorney needed to explain why the check had not been sent. Plaintiff has not shown that this information was confidential financial information. Plaintiff's motion to prevent defendants' attorney from disclosing his personal information will be denied.

  Second, plaintiff seeks clarification of the order allowing the inspection only for mold and not foe window paint chips or sewer gases. As defendants point out plaintiff never made a request for an inspection of window paint chips or sewer gases. Further, he was never allowed leave to proceed on a claim regarding paint chips or sewer gases. Plaintiff's motion for clarification will be denied.

Finally, plaintiff moves to compel production of documents that were not provided to him. Once again he does not explain what discovery he has been denied or why he is entitled to it. As I stated in two previous orders (dkts. 103 and 110), such a motion is unacceptable. Further, defendants assert that plaintiff filed this motion to compel without conferring in good faith with them concerning his objections. Because of all these failures, plaintiff's motion to compel is summarily denied. Pursuant to Rule 37(a), the court is granting defendants request for reimbursement of its reasonable expenses incurred in responding to this motion. Hereafter, defendants need not and should not respond to a discovery motion filed by plaintiff unless the court directs defendants to do so.

## ORDER

IT IS ORDERED THAT:

(1) Plaintiff's motions motions to prevent defendants' attorney from disclosing personal information, dkt. 130, for clarification, dkt. 131, and to compel discovery, dkt. 132, are DENIED.

(2) Defendants are awarded their reasonable expenses incurred in responding to plaintiff's motion to compel. Defendants may have until July 15, 2010 to submit an itemized bill and plaintiff may have until July 23 , 2010 to respond.

Entered this 8th day of July, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2