IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

                OPINION and ORDER

          Plaintiff,

                09-cv-245-bbc

    v.

G. GRAMS, CAPT. ASHWORTH,
SGT. MORRISON, LT. JOANNE LANE,[1]
RICK RAEMISCH and JOHN DOES 1-5,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution, is proceeding on claims that (1) defendant Anthony Ashworth violated his right to due process by filing a false conduct report against him; (2) defendants Greg Grams and Rick Raemisch ignored his complaints about Ashworth; (3) defendant Joanne Lane violated his right to due process by holding an unfair disciplinary hearing; (4) defendants Grams and Sgt. Morrison subjected him to inhumane conditions of confinement in the DS-1 unit in violation of the Eighth Amendment; and (5) John Doe defendants destroyed plaintiff's religious items in

---

[1] Defendants state that defendant Lt. Lind is "now known as Lt. Joanne Lane." I have amended the caption accordingly.

1

violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act.

Now plaintiff has filed the following motions: (1) a motion to stay a ruling on his previous motion for a preliminary injunction; (2) two motions for reconsideration of the court's April 26, 2010 order; (3) a motion for summary judgment on his due process claims; and (4) a motion to compel defendants to respond to his proposed findings of fact in support of his motion for summary judgment. Defendants have filed their own motion for summary judgment on plaintiff's First Amendment and RLUIPA claims for failure to exhaust his administrative remedies, and also seek summary judgment on the claims on which plaintiff seeks summary judgment. After considering the parties' submissions, I will deny plaintiff's motion to stay a ruling regarding preliminary injunctive relief, his motions for reconsideration of the court's April 26, 2010 order and his motion to compel defendants to respond to his proposed findings of fact. Also, I will deny defendants' motion for summary judgment regarding exhaustion on plaintiff's claim that guards rolled up a wet bath towel with his prayer rugs and Qur'an, and give plaintiff a chance to further explain his claim that prison staff threw away a set of his Qur'an and tore the back off another Qur'an. Finally, I will deny plaintiff's motion for summary judgment and grant defendants' motion for summary judgment on plaintiff's claims against defendants Lane and Raemisch, but give plaintiff another chance to file proposed findings of fact regarding his claims against

2

defendants Ashworth and Grams.

OPINION

A.  Motion to Stay Ruling on Motion for Preliminary Injunction

In an April 26, 2010 order, I denied plaintiff's motion for preliminary injunctive relief seeking improvements to the conditions in the DS-1 unit as well as his motion to appoint an inspector to inspect the DS-1 unit. That order crossed in the mail with an April 27, 2010 motion by plaintiff in which he asks the court to stay a ruling on his motion for preliminary injunctive relief pending the outcome of the inspection he sought. I will deny the motion to stay because it is mooted by the April 26, 2010 order. I note that plaintiff remains free to arrange for his own inspection of the unit.

B.  Motions for Reconsideration

Next, plaintiff has filed two motions for reconsideration of the April 26, 2010 order denying his motion for preliminary injunctive relief. In the first, plaintiff states that the denial should be reconsidered because defendants provided no proof of their alleged repairs to the unit, such as maintenance records. This motion will be denied because defendants were not required to show this type of proof in order to successfully oppose plaintiff's motion. It was plaintiff's burden to produce evidence suggesting that defendants knew of

3

the alleged problems at the DS-1 unit and then chose not to address them, and plaintiff failed to produce any such evidence.

In his second motion plaintiff asks for reconsideration of the portion of the April 26 order in which I denied his motion to strike the affidavit of Dylon Radtke, a supervising officer at the Columbia Correctional Institution. The affidavit was relied upon by defendants in opposing plaintiff's motion for preliminary injunctive relief. In the April 26 order, I stated the following:

> Plaintiff's only argument for striking the affidavit is that he believes Radtke is lying about the lack of an insect problem in the institution. I will deny this motion because the court cannot strike an affidavit on a party's unsubstantiated say-so. The proper way for plaintiff to dispute Radtke's affidavit is to file his own evidentiary materials in support of his motion.

Now plaintiff states that defendants' responses to his requests for admissions show that Radtke lied in his affidavit. However, he provides little explanation of precisely how the admissions show Radtke is lying or why he would be entitled to injunctive relief given his new submissions. Therefore, I will deny this motion. In any case, as I stated in the April 26 order, the proper way for plaintiff to dispute Radtke's affidavit is to present his own evidentiary materials. To the extent he has done so in support of his motion for summary judgment, those materials will be considered.

C. Defendants' Motion for Summary Judgment - Failure to Exhaust

Defendants have filed a motion for partial summary judgment, arguing that plaintiff has failed to exhaust his claims that John Doe defendants destroyed his religious items in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. Once defendants raise failure to exhaust as a defense, district courts lack discretion to decide claims on the merits unless the exhaustion requirements have been satisfied. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002). To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodruff, 548 U.S. at 88-89.

In particular, plaintiff alleges that on April 29, 2009, unnamed guards threw away a set of plaintiff's Qur'an and religious books and tore the back off another Qur'an, and on June 5, 2009, guards rolled up a wet bath towel with his prayer rugs and Qur'an. In response

5

to defendants' argument that he failed to exhaust these claims, plaintiff cites three inmate complaints that he believes proves that he has exhausted: CCI-2009-117 (this appears to be a typographical error by plaintiff; the documentation provided by defendants shows that the proper numbering is CCI-2009-177), CCI-2009-2185 and CCI-2009-11966.

In inmate complaint CCI-2009-177, plaintiff alleges that staff "threw away [his] Islamic materials," and in complaint CCI-2009-2185, plaintiff alleges that staff lost religious property and books that he was going to donate to the Islamic Center in Madison, Wisconsin. However, CCI-2009-177 was submitted on January 2, 2009 and CCI-2009-2185 was submitted on January 26, 2009, so they could not have been referring to events that took place on April 29, 2009.

In an affidavit, plaintiff appears to clarify this discrepancy by stating that after he filed CCI-2009-177, he was given money for the lost Qur'an (again, plaintiff confuses the issue somewhat. The result of his filing CCI-2009-2185 was that he was reimbursed $57 for the lost materials; he was not reimbursed under CCI-2009-177). Then, after he bought a new Qur'an, a guard ripped the back off of it. At first glance, the timing of this account seems to dispute his amended complaint, which states: "Guards threw a set of Qurans/religious books away and tore the back off another Quran holy book/religious — date 4-29-09." An alternate reading of the complaint would be that plaintiff's reference to April 29, 2009 was a reference to the date a guard ripped the cover off of his second Quran rather

6

that the date his first set was lost, in which case it is possible that he has exhausted his claim about his first Quran set's being lost. Because plaintiff's submissions make the timing of these issues unclear, I will give him a final opportunity to explain precisely when these events occurred. Defendants will be given a chance to respond.

Although defendants state that they seek summary judgment on all of plaintiffs' First Amendment and RLUIPA claims, they confine their analysis to plaintiff's claims about the taking of his first Qur'an and the ripping of the cover off second one. They do not discuss plaintiff's claim that on June 5, 2009, guards rolled up a wet bath towel with his prayer rugs and Qur'an. Because it is defendants' burden to show that plaintiff failed to exhaust his administrative remedies for this claim, I will deny their motion for summary judgment at is pertains to the wet bath towel claim.

### D. Plaintiff's Motion for Summary Judgment

Finally, plaintiff has filed a motion for summary judgment on his claims that (1) defendant Ashworth violated his right to due process by filing a false conduct report against him; (2) defendants Grams and Raemisch ignored his complaints; and (3) defendant Lane violated his right to due process by holding an unfair disciplinary hearing. However, plaintiff fails to cite to admissible evidence in support of each of his findings of fact or his responses to defendants' proposed findings. Defendants respond to each of plaintiff's proposed

7

findings by stating that plaintiff fails to cite any admissible evidence. Plaintiff has responded by filing a motion asking the court to direct defendants to respond to plaintiff's proposed findings of fact. That motion will be denied because defendants' response to plaintiff's defective proposed findings of fact was appropriate.

Defendants argue that they should be granted summary judgment on each of these claims and have provided their own proposed findings of fact. From these proposed findings, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Plaintiff Nathan Gillis is an inmate at the Columbia Correctional Institution. Defendant Rick Raemisch is Secretary of the Wisconsin Department of Corrections. Defendant Gregory Grams is Warden at the Columbia Correctional Institution. Captain Anthony Ashworth is a corrections unit supervisor. Lt. Joanne Lane is an institution complaint examiner.

Plaintiff wrote three letters, one to Raemisch, one to Grams and one to private individuals Peg Swan and Ron Solinger about a March 6, 2009, incident involving inmate Hakim Naseer and Officer Neumaier. In response to the allegations of Officer Neumaier's behavior raised in an offender complaint and in the letters written by plaintiff, an investigation was commenced.

Defendant Ashworth was responsible for conducting an internal investigation concerning the incident with inmate Naseer and Officer Neumaier. The investigation was conducted in cooperation with the Columbia County Sheriff's Department. Ashworth reviewed copies of the sheriff's report, conduct report, incident reports and letters written by plaintiff. In his letter to defendant Raemisch, plaintiff described officer Brian S. Neumaier "sucker punching" inmate Naseer, "once with a closed fist" and three additional times "with his forearm to the back of the head." In his letter to defendant Grams, plaintiff stated, "I witnessed a guard/Neumaier sucker punch, using closed fist, forearm, hit prisoner Hakim Naseer #416476, in his face three times." In his letter to Peg Swan and Ron Solinger, plaintiff stated, "Hakim Naseer was attacked by guard by the name of [Neumaier], for no reason." It also states that "Naseer suffered multiple injuries" and that "it was horrible how this guard beat Naseer."

From his review of the evidence, Ashworth found that none of the other witnesses reported that Neumaier struck Naseer in the face, punched him or otherwise struck him with a closed fist. Ashworth found no witness other than plaintiff who claimed that the use of force by Neumaier was unwarranted or improper. Because an internal investigation and witness accounts of the March 6 incident contradicted statements made by plaintiff in his letters to Grams and Raemisch, Ashworth issued plaintiff Conduct Report #2035055 on April 9, 2009, for lying about staff in violation of DOC §303.271.    The conduct report was

9

delivered to plaintiff on April 10, 2009. A written notice of the disciplinary charges, hearing procedures and prisoner's rights (Form DOC-71) was offered to plaintiff on April 10, 2009, but he refused to sign the hearing notice. The hearing notice and rights within were read to him. Advocate Mary Leiser visited plaintiff on April 14, 2009, offered him a witness request form (DOC-73) and informed him it must be completed within two days and returned to the security office. On April 14, Leiser informed plaintiff that his hearing was tentatively scheduled for April 27, 2009. Plaintiff did not complete and return the witness request form to the security office as required by DOC § 303.81.

On April 27, 2009, the hearing regarding conduct report #2035055 was conducted by defendant Lane and Unit Manager James Spangberg. Plaintiff was offered the opportunity to attend his hearing and refused. To Lane's knowledge, plaintiff was given notice of his hearing, the witness request form, and the opportunity to attend his hearing, but failed to return the witness request form and refused to attend his hearing. Plaintiff was found guilty of lying to staff and was sentenced to 240 days of program segregation.

Plaintiff appealed the outcome of the hearing to defendant Grams on April 30, 2009. Grams affirmed the hearing committee's decision on June 25, 2009. Grams concluded that no evidence produced by the internal investigation supported the allegations contained in plaintiff' letters. Grams found no support for a due process violation because plaintiff had refused to attend his hearing and did not submit the witness request form.

Plaintiff filed a request for review of offender complaint CCI-2009-14458 by a corrections complaint examiner on July 2, 2009. He alleged that he was denied witnesses and attendance at his due process hearing and that conduct report #2035055 was written in retaliation. On July 8, 2009, corrections complaint examiner Tom Gozinske recommended that plaintiff's complaint be dismissed. Also, Gozinske recommended that the hearing packet be returned to the committee and be supplemented in order to rectify what he perceived to be insufficient documentation. Gozinske's recommendations were accepted as the decision of Secretary Raemisch by Amy Smith on July 9, 2009. The hearing record was revised by defendant Lane and Spangberg on August 21, 2009, to include additional explanation of the false statements by plaintiff. The disposition of the hearing and plaintiff's sentence were not affected.

## DISCUSSION

The purpose of summary judgment is to determine whether the parties have adduced enough evidence to support a jury verdict in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, (1986); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the plaintiff fails to make a sufficient showing on

11

an essential element of his case with respect to which he has the burden of proof, summary judgment must be granted to the defendant. Celotex, 477 U.S. at 323.

## A. Unfair Disciplinary Hearing

Plaintiff alleges that defendant Lane violated his right to due process by holding an unfair disciplinary hearing on or around April 27, 2009. To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Neither party addresses the critical issue whether plaintiff's 240-day sentence of segregation in DS-1 qualifies as a "liberty interest" for purposes of Sandin. Without any proposed findings of fact regarding the conditions of the DS-1 unit, plaintiff cannot be granted summary judgment on this claim. Defendants argue that defendant Lane should be granted summary judgment on this claim because the undisputed facts show that plaintiff received the procedural safeguards necessary to satisfy due process. Prisoners are not afforded the full panoply of rights in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, the institution must give the prisoner:

> "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when

12

>consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action."

Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (quoting Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)). In his complaint, plaintiff alleges that defendant Lane held the disciplinary hearing "in secret," without plaintiff's being present or having the opportunity to call witnesses. However, the undisputed facts show that plaintiff was given notice of the hearing date and was given the opportunity to call witnesses and attend the hearing. Even if I were to credit plaintiff's unsworn declarations in his proposed findings of fact and responses to defendants' proposed findings of fact that he was not given notice of the hearing date or given an opportunity to appear or call witnesses, he does not include any assertions that defendant Lane was the one responsible for these problems. Liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995). Even crediting plaintiff's unsworn statements that advocate Mary Leiser and the prison's security office failed to inform him of his rights, the undisputed facts show that defendant Lane operated under the belief that plaintiff was given the opportunity to appear at the hearing and call witnesses but refused. Because plaintiff has failed to present any evidence showing that defendant Lane was personally involved in the alleged deprivation of his due process rights, I will deny plaintiff's motion for summary judgment on the claim and grant defendants'.

13

B. False Conduct Report

Next, plaintiff claims that defendant Ashworth violated his right to due process by filing a false conduct report against him. I stated in the February 11, 2010 screening order that "so long as an inmate's disciplinary hearing itself provides procedural due process, an allegation that a prison guard offered false evidence or false reports in order to implicate an inmate in a disciplinary infraction does not state a claim for which relief can be granted." Feb. 11, 2010 Order, dkt. #27, citing Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). I allowed plaintiff to proceed with his claim against Ashworth because he alleged that his due process rights were violated at the disciplinary hearing.

Although plaintiff has failed to properly submit proposed findings of fact or responses to defendants' proposed findings of fact, he continues to assert that Ashworth filed a false conduct report and that he was not afforded his due process rights under Wolff, allegations that could defeat defendants' motion for summary judgment on this claim. It is unclear whether plaintiff misunderstands the court's procedures for filing proposed finding of fact or whether he would prefer not to submit his assertions under penalty of perjury, as required by the court. I will give plaintiff a final chance to properly submit proposed findings of fact explaining how Ashworth filed a fraudulent conduct report and how prison officials denied plaintiff his due process rights to be present at the disciplinary hearing and to call witnesses. For each proposed finding of fact, plaintiff will have to cite admissible evidence supporting

14

that proposed finding. Each citation should be as precise as possible—to page numbers or paragraph numbers where possible. To assist plaintiff, I will include another copy of this court's procedures to be followed on motions for summary judgment. To the extent that plaintiff has personally observed events, he is free to submit an affidavit, sworn under penalty of perjury, detailing those events. He will not be required to resubmit evidence that he submitted to the court previously. Because at this point plaintiff can only hope to dispute defendants' proposed findings rather than obtain summary judgment for himself on this claim, there is no need for defendants to file a response.

### C. Review of Plaintiff's Complaints

Finally, plaintiff moves for summary judgment on his claim that defendants Greg Grams and Rick Raemisch ignored his complaints about Ashworth. Defendants point out that under George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), "ruling against a prisoner on an administrative complaint does not cause or contribute to the violation" and that only in an extreme case, such as an examiner "sen[ding] each grievance to the shredder," could an examiner be held liable. Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). Defendants have submitted proposed findings of fact indicating that Grams denied plaintiff's appeal after careful consideration. However, as with his claim against defendant Ashworth, plaintiff continues to assert, albeit not under penalty of perjury, that Grams maliciously

15

denied his appeal. He states that Grams told him "to mind his own business." I will give plaintiff another opportunity to submit proper proposed findings of fact explaining Grams's actions. As for defendant Raemisch, plaintiff does not include similar allegations, and in any case it is undisputed that Amy Smith, rather than Raemisch himself, ruled on plaintiff's appeal. Therefore I will deny plaintiff's motion for summary judgment on his claim against Raemisch and grant defendants' motion for summary judgment on this claim.

ORDER

IT IS ORDERED that

1. Plaintiff Nathan Gillis's motion to stay a ruling on his previous motion for a preliminary injunction, dkt. #49, is DENIED as moot.

2. Plaintiff's motions for reconsideration of the April 26, 2010 order denying his motion for preliminary injunctive relief, dkt. ## 53, 81, are DENIED.

3. Plaintiff will have until August 10, 2010, to submit an affidavit in support of his claim that prison staff threw away a set of his Qur'an and tore the back off another Qur'an, explaining when these events occurred. Defendants will have until August 17, 2010 to file a response.

4. Defendants' motion for summary judgment for plaintiff's failure to exhaust his claim that guards rolled up a wet bath towel with his prayer rugs and Qur'an, dkt. #59, is

DENIED.

5. Plaintiff's motion to direct defendants to respond to his proposed findings of fact, dkt. #128, is DENIED.

6. Plaintiff's motion for summary judgment, dkt. #64 is DENIED and defendants' motion for summary judgment, dkt. #112, is GRANTED on the following claims:

    a. defendant Lane violated plaintiff's right to due process by holding an unfair disciplinary hearing.

    b. defendant Raemisch ignored his complaints.

7. Plaintiff will have until August 10, 2010 to file proposed findings of fact detailing the following claims:

    a. defendant Ashworth violated his right to due process by filing a false conduct report.

    b. defendant Grams ignored his complaints.

Entered this 28th day of July, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge