IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN GILLIS,

                Plaintiff,

  v.

RICK RAEMISCH, G. GRAMS,
CAPT. ASHWORTH, SGT. MORRISON,
LT. LIND, and JOHN DOES 1-5,

                Defendants.

ORDER

09-cv-245-bbc

---

      Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution, is proceeding on claims that (1) defendant Capt. Ashworth violated his right to due process by filing a false conduct report against him; (2) defendants G. Grams and Rick Raemisch violated his right to due process by ignoring his complaints; (3) defendant Lt. Lind violated his right to due process by holding an unfair disciplinary hearing; (4) defendants Grams and Sgt. Morrison subjected him to inhumane conditions of confinement in the DS-1 unit in violation of the Eighth Amendment; and (5) John Doe defendants destroyed plaintiff's religious items in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act.

      Now before the court are plaintiff's motion for clarification of pretrial conference order (dkt. 162), motion for clarification (dkt. 163), and motion to strike his financial statements, (dkt. 164). In his motion for clarification of the pretrial order, plaintiff asks the court to clarify the statement in the pretrial order stating, "A party can only file one motion for summary judgment in this case without first getting permission from the court." Specifically, he asks whether a response to a motion for summary judgment in which the party asks for summary judgment is a motion for summary judgment. A response to a motion for summary judgment

is not a motion for summary judgment and does not count as a party's own motion. This is true even though sometimes the party responding to his opponent's motion for summary judgment not only defeats the motion, but obtains summary judgment in his own favor from the court.

In his second motion for clarification, plaintiff asks why the court is allowing defendants to create their own rules. This rhetorical question is plaintiff's way of trying to obtain from the court more time to view documents. According to a letter attached to plaintiff's motion, Mardell Petras informed plaintiff that he would have one hour to review certain documents. Plaintiff has not shown that this time limit will be insufficient. If after he reviews the records for an hour and finds he needs more time, then he can ask the defendants for another opportunity to review the records. To answer the question that defendant actually is asking, this court does not interfere with normal, reasonable operating rules and procedures set by any party in a lawsuit, whether it's a business, a correctional institution or something else. The court will get involved if and when an actual problem occurs that interferes with a party's ability to do what the rules allow. We haven't gotten to that point yet in this case and maybe we never will. If we do, then plaintiff can file a mo5tion at that time.

Finally, plaintiff asks that the financial records submitted by defendants' attorney in support of defendants' motion to pay the full amount of the expense award should be stricken. These documents were submitted under seal. This financial information is information which the court can access and has not been provided to anyone else. Therefore, plaintiff's motion to strike this information will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for clarification of the pretrial order , dkt. 162, is GRANTED and explained herein.

2. Plaintiff's motion for clarification asking why the court is allowing defendants to create their own rules, dkt. 163, is DENIED.

3. Plaintiff's motion to strike financial statements, dkt. 164, is DENIED.

Entered this 16th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge